# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | Crim. ID. No. 2108001944 |
| | ) | |
| | ) | |
| JAMES A. O'NEAL, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: April 13, 2026
Decided: June 4, 2026

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF BE SUMMARILY DISMISSED AND POSTCONVICTION COUNSEL'S MOTION TO WITHDRAW BE GRANTED.

Michael Slights, Deputy Attorney General, Department of Justice, Wilmington, Delaware.

Kimberly Price, Esquire, Collins, Price & Warner, Wilmington, Delaware.

Benjamin Gifford, Esquire, The Law Office of Benjamin Gifford, Wilmington, Delaware.

James A. O'Neal, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977, *pro se*.

**O'CONNOR, M.** Commissioner.

This 4th day of June, 2026, upon consideration of Defendant James A. O'Neal's ("Defendant" or "O'Neal") *pro se* Motion for Postconviction Relief;[1] Defendant's Motion for Appointment of Postconviction Counsel;[2] Postconviction Counsel's Motion to Withdraw and the Appendix to same;[3] the Affidavit of Trial Counsel;[4] the State's Response to the Motion for Postconviction Relief;[5] and the record in this matter, the following is my Report and Recommendation.

## I.    INTRODUCTION

Before the Court is Defendant's November 14, 2024 *pro se* Motion for Postconviction Relief ("Motion").[6] Defendant was convicted after a jury trial of one count of Possession of a Firearm by a Person Prohibited.[7] In the Motion, Defendant asserts two ineffective assistance of trial counsel claims, arguing (a) trial counsel "was ineffective when she had [him] sign a stipulation with[out] properly explaining it to [him],"[8] and (b) counsel was ineffective because she did not object to the redacted video because it did not show [him] throwing anything and it showed two men [kneeling] next to the gun."[9]

---

[1] Docket Item ("D.I.") 50.
[2] D.I. 47.
[3] D.I. 65, D.I. 66.
[4] D.I. 70.
[5] D.I. 69.
[6] D.I. 50.
[7] *O'Neal v. State*, 2024 WL 981384 (Del. March 6, 2024).
[8] D.I. 50, p. 3.
[9] *Id.*

For the reasons that follow, I recommend Defendant's Motion be **SUMMARILY DISMISSED** as meritless, and Postconviction counsel's Motion to Withdraw be **GRANTED**.

## II. PROCEDURAL BACKGROUND

On August 4, 2021, Defendant was arrested by officers from the Wilmington Police Department for nine offenses: Robbery First Degree; Possession of a Firearm During the Commission of a Felony; Possession of a Firearm by a Person Prohibited ("PFBPP"); Possession of Firearm Ammunition by a Person Prohibited; Possession of a Weapon with a Removed, Obliterated or Altered Serial Number; Carrying a Concealed Deadly Weapon; Aggravated Menacing; Tampering with Physical Evidence; and Terroristic Threatening.[10]

On August 1, 2022, Defendant's trial counsel, Kimberly Price, Esquire ("trial counsel") filed a Motion to Sever the Possession of a Firearm and Ammunition by a Person Prohibited charges from the remaining offenses.[11] During this Court's August 2, 2022 teleconference, the State informed this Court it intended to proceed to trial first on the PFBPP offense, and if Defendant were convicted, it would enter a Nolle Prosequi on the remaining charges.[12]

---

[10] *State v. James O'Neal*, Case No. 2108001944, Adult Complaint and Warrant.
[11] D.I. 11.
[12] D.I. 32, 5:5 – 15. The Motion to Sever was deemed moot. *Id.* at 13:7 – 10.

Defendant's trial was held on August 8, 2022. At the conclusion of the one-day trial, the jury found Defendant guilty of PFBPP,[13] and this Court ordered a presentence investigation.[14] On August 23, 2022, the State filed a Motion to Declare Defendant a Habitual Offender.[15]

On January 25, 2023, this Court granted the State's Motion to Declare Defendant a Habitual Offender and imposed a sentence of twenty years at Level V, suspended after serving fifteen years, followed by eighteen months Level III probation.[16]

On February 24, 2023, Defendant filed a Notice of Appeal in the Delaware Supreme Court ("Supreme Court").[17] In the appeal, Defendant argued:

> (i) Officer Vazquez testified inconsistently; (ii) the prosecutor engaged in misconduct; (iii) the State's firearm expert improperly testified to the manner in which firearms are handled; (iv) the State failed to identify or interview other people at the crime scene; and (v) there was insufficient evidence to support his conviction.[18]

After considering Defendant's claims, the Supreme Court concluded Defendant's "appeal [was] wholly without merit and devoid of any arguably appealable issues,"

---

[13] D.I. 35, 128:21 – 129:6.
[14] *Id.* at 131:3 – 15.
[15] D.I. 20.
[16] D.I. 34, 11:23 – 12:10.
[17] D.I. 25.
[18] *O'Neal*, 2024 WL 981384, at *2.

and the Supreme Court affirmed the conviction and sentence.[19] On April 4, 2024, the Supreme Court issued its Mandate.[20]

On November 11, 2024, Defendant filed a *pro se* Motion for Appointment of Postconviction Counsel.[21] The Motion for Appointment of Postconviction Counsel was granted on January 3, 2025,[22] and on August 11, 2025 Benjamin Gifford, Esq. was appointed Defendant's postconviction counsel.[23]

On January 12, 2026, Mr. Gifford filed a Motion to Withdraw, concluding that he could not advance either of Defendant's postconviction claims, and he was unable to identify any other viable claim which could be raised on Defendant's behalf.[24] As to Defendant's first claim, which argued that trial counsel was ineffective for failing to explain the stipulation as to Defendant's person prohibited status, Mr. Gifford could not conclude, even if Defendant's claim were true, that Defendant was prejudiced by trial counsel's actions.[25] As Mr. Gifford noted, the Defendant was a person prohibited from possessing a firearm under Delaware law, and trial counsel's stipulation "avoided the jury from learning about the nature of his

---

[19] *Id.* at *3-4.
[20] D.I. 46.
[21] D.I. 53.
[22] D.I. 54.
[23] D.I. 59.
[24] D.I. 65, at 11-12.
[25] *Id.* at 11.

prior convictions."[26] And, as Mr. Gifford noted, the "Delaware Supreme Court has affirmatively upheld such decision as sound trial strategy."[27]

As to Defendant's second ineffective assistance of counsel claim, where he argued that trial counsel should have moved to exclude the bodycam video evidence, Mr. Gifford concluded the video recording at issue was relevant and he could not discern "any valid challenge to its admissibility."[28] Moreover, Defendant failed to offer a legal basis upon which an objection to the admissibility of the bodycam video could be founded.[29] As a result, Mr. Gifford could not "ethically advance any claim that trial counsel was ineffective for failing to object to the admission of such evidence."[30]

On February 10, 2026, this Court received trial counsel's Affidavit,[31] and on January 28, 2026, the State filed its response to the Motion.[32] As briefing has concluded, this matter is ripe for decision.[33]

---

[26] *Id.*, p. 11.
[27] *Id.*, citing *Johnson v. State*, 983 A.2d 904, 923 (Del. 2009).
[28] *Id.*, p. 12.
[29] *Id.*
[30] *Id.*
[31] D.I. 71.
[32] D.I. 69.
[33] On September 11, 2025, this Court entered a scheduling Order which directed Defendant to file any reply brief on or before April 13, 2026. D.I. 62. The record reflects Defendant has elected not to do so.

## III. FACTUAL BACKGROUND

The facts of this case, as summarized by the Supreme Court, are as follows:

> Wilmington Police Department Patrol Officer Luis Vazquez testified that he was on patrol in a marked police vehicle on the night of August 4, 2021, when he observed a male pedestrian waving his hands above his head in an apparent effort to flag down Officer Vazquez. As Officer Vazquez approached, he saw another individual—later identified as O'Neal—toss an unknown object under a nearby vehicle. Officer Vazquez exited his vehicle and activated his body-worn camera. After O'Neal threw another unidentified object away from him, Officer Vazquez placed O'Neal in handcuffs. Officer Vazquez then looked under the vehicle by which he had seen O'Neal toss the first object and recovered a loaded firearm. Footage from Officer Vazquez's body-worn camera was played for the jury and showed O'Neal throwing something away from him, Officer Vazquez placing O'Neal in handcuffs, and Officer Vazquez recovering and securing a firearm from under a nearby car. A forensic firearms examiner swabbed the firearm for DNA and processed it for fingerprints. No fingerprints were recovered from the firearm, but DNA recovered from the firearm's magazine matched O'Neal's DNA profile. Finally, the parties stipulated that O'Neal was a person prohibited from owning or possessing a firearm on April 4, 2021.[34]

## IV. DISCUSSION

In Delaware, "Superior Court Criminal Rule 61 provides the exclusive remedy for setting aside a final judgment of conviction."[35] Rule 61 is "intended to correct errors in the trial process, not to allow defendants unlimited opportunities to relitigate their convictions."[36] It also provides incarcerated persons a procedure to

---

[34] *O'Neal*, 2024 WL 981384, at *1.
[35] *Jackson v. State*, 2007 WL 2231072, at *1 (Del. Aug. 2, 2007).
[36] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).

seek to have a conviction set aside on the ground that the court lacked jurisdiction or to collaterally attack a conviction.

Defendant asserts that trial counsel provided ineffective representation. In order to prevail on an ineffective assistance of counsel claim, a defendant must show: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[37] "The standard for judging counsel's representation is a most deferential one,"[38] and there is a strong presumption that counsel's legal representation was competent and fell within the "wide range" of reasonable professional assistance.[39] Trial counsel "observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge."[40] As the Supreme Court explained in *Cooke v. State*:

> [p]roving that counsel's performance was objectively unreasonable 'has nothing to do with what the best lawyers would have done ... or even what most good lawyers would have done.' '[A] lawyer's performance is only constitutionally deficient if no competent attorney would have chosen the challenged course of action.' Where "an attorney makes a strategic choice after thorough investigation of law and facts relevant to plausible options," the presumption that an attorney acted reasonably is "virtually unchallengeable."[41]

---

[37] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).
[38] *Premo v. Moore*, 562 U.S. 115, 122 (2011).
[39] *Id.* at 122-23; *see also Flamer v. State*, 585 A.2d 736, 753-44 (Del. 1990) (citations omitted).
[40] *Id.*
[41] *Cooke v. State*, 2025 WL 16395 at *24 (Del. Jan. 2, 2025) (internal citations omitted).

8

The question for this Court is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom.[42] As such, mere allegations of ineffective assistance are insufficient. A defendant must make concrete allegations of ineffective assistance, and substantiate them, or risk summary dismissal.[43] Deference is given to defense counsel's judgment to promote stability in the process.[44]

To overcome the strong presumption that trial counsel provided competent representation, a defendant must demonstrate that "counsel failed to act reasonabl[y] considering all the circumstances" and that the alleged unreasonable performance prejudiced the defense.[45] The essential question is whether counsel made mistakes so crucial that they were not functioning at the level guaranteed by the Sixth Amendment, thereby depriving defendant of a fair trial.[46]

Because a defendant must prove both parts of an ineffectiveness claim, this Court may dispose of a claim by determining that the defendant cannot establish prejudice.[47] The first consideration in the "prejudice" analysis "requires more than

---

[42] *Id.* (citing *Strickland*, 466 U.S. at 690).
[43] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[44] *State v. Fithian,* 2016 WL 3131442 at * 3 (Del. Super. May 25, 2016) (citing *Premo*, 562 U.S. at 120-122).
[45] *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 688).
[46] *Id*.
[47] *Strickland,* 466 U.S. at 697.

a showing of theoretical possibility that the outcome was affected."[48] "It is not enough to 'show that the errors had some conceivable effect on the outcome of the proceeding.'"[49] Defendant must show a reasonable probability of a different result (*i.e.*, acquittal) but for trial counsel's alleged errors.[50]

## A. Defendant's postconviction claims.

Defendant's Motion asserts two claims.[51] First, as noted *supra*, he argues trial counsel "was ineffective [because] she had me sign a stipulation with[out] properly explaining it to me. It lends no help to my defense."[52] Second, Defendant argues trial counsel was ineffective "because she did not object to the redacted [bodycam] video because it didn't show me throwing anything [and] it showed two men [kneeling] next to the gun."[53] The relative merit of each claim will be considered below.

## B. Application of Rule 61(i)'s Procedural Bars.

Before considering the merit(s) of Defendant's claims, this Court must determine whether Defendant satisfied the procedural requirements of Superior Court Criminal Rule ("Rule") 61.[54] Pursuant to Rule 61(i)(1)-(4), a postconviction

---

[48] *Frey v. Fulcomer*, 974 F.2d 348, 358 (3rd Cir. 1992).
[49] *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693).
[50] *Strickland*, 466 U.S. at 695.
[51] D.I. 48.
[52] D.I. 50, p. 3.
[53] *Id.*
[54] *Taylor v. State*, 32 A.3d 374, 388 (Del. 2011) (citing *Shelton v. State*, 744 A.2d 465, 474 (Del. 1999)).

motion may be procedurally barred for being untimely, successive, procedurally defaulted, and/or formerly adjudicated.[55] Here, Defendant's Motion was timely filed, and it is Defendant's first postconviction motion. And, while his claims may otherwise be procedurally defaulted pursuant to Rule 61(i)(3) because he failed to assert them in the proceedings leading to the judgment of conviction, they are ineffective assistance of counsel claims which cannot generally be raised at trial or on direct appeal.[56] Therefore the procedural bars are inapplicable, and I will address the merit of his claims.

## C. Consideration of the merits.

For the following reasons, I find the Motion meritless and recommend that both claims be summarily dismissed. Each claim is addressed below.

### 1. Ineffective Assistance of Counsel – Trial Counsel failed to explain the stipulation of his person prohibited status before executing it, and the Stipulation lent no help to his defense.

Defendant summarily claims trial counsel was ineffective because she had him sign a stipulation without properly explaining it to him, and the stipulation lent "no help to [his] defense."[57] In response, the State contends Defendant's claim

---

[55] See Rule 61(i)(1)-(4).

[56] See *Green v. State*, 238 A.3d 160, 175 (Del. 2020); *State v. Caulk*, 2021 WL 2662250, at *5 (Del. Super. Ct. June 29, 2021). Postconviction claims asserting ineffective assistance of counsel are not generally subject to Rule 61(i)(3)'s procedural bar, as there is no opportunity to raise an ineffective assistance of counsel claim in the proceedings leading to the judgment of conviction or on direct appeal.

[57] D.I. 50, p. 3.

11

"fails both prongs of *Strickland*."[58]  According to the State, entering a stipulation as Defendant did "is a routine and reasonable trial strategy, . . . [which] avoids unnecessary emphasis on a defendant's criminal history and prevents the jury from hearing otherwise prejudicial details."[59]  According to the State, the Defendant does not assert the entry of the stipulation was objectively unreasonable or prejudicial,[60] and therefore, the claim is meritless.

I find that trial counsel's decision to have Defendant enter a stipulation as to his person prohibited status was a reasonable trial strategy.  In doing so, trial counsel alleviated the State from proving the specific prior criminal conviction which prohibited him from possessing a firearm based upon a 2003 conviction for Robbery First Degree, a class B violent felony.[61]  In return, Defendant was saved from the jury hearing testimony regarding his prior felony conviction.  His claim that counsel failed to explain the stipulation to him is suspect at best, as trial counsel explained:

> After I reviewed the stipulation with Mr. O'Neal, he signed on the designated line indicating his agreement to the stipulation of fact.  At the time, I had no concerns that Mr. O'Neal did not understand the stipulation or its purpose.[62]

Under these circumstances, I do not find Defendant's claim that trial counsel failed to explain the stipulation to be credible.  Additionally, Defendant cannot

---

[58]  D.I. 69, ¶ 9.
[59]  *Id.* at ¶ 10, citing *Johnson*, 983 A.2d at 923.
[60]  *Id.* at ¶¶ 10-11.
[61]  D.I. 16, Count III.
[62]  D.I. 71, p. 1.

demonstrate prejudice from the execution of the stipulation. Entering a stipulation was a strategic decision designed to "avoid the jury hearing that Mr. O'Neal was a convicted felon and the nature of his prior convictions."[63] As the Supreme Court has concluded, strategic decisions by trial counsel are "virtually unchallengeable" so long as they are made after a thorough investigation of the relevant law and facts relevant to plausible options.[64] Here, trial counsel's decision to have Defendant enter a stipulation was reasonable. Finally, although Defendant claims the stipulation lent no help "to his defense," his explanation as to why is at best unclear, and he has not explained how he was adversely impacted by the entry of the stipulation. Defendant's claim is meritless, and he has failed to demonstrate prejudice.

---

[63] *Id.* Also see *Roth v. State*, 2013 WL 5918509 (Del. Oct. 31, 2013) (Defendant claimed trial counsel was ineffective for entering into a stipulation regarding the admissibility of DNA evidence. According to the Supreme Court's Order, this Court concluded "entering into a stipulation regarding evidence that would have been admissible in any case was for counsel to make," and the Supreme Court "agreed with [this Court's] analysis of [that postconviction claim] and conclude[d] [it was] properly denied." *Id.* at *2.

[64] *Ploof*, 75 A.3d at 821 (quoting *Strickland*, 466 U.S. 668, 690-91 (1994)); also see *Johnson*, 983 A.2d at 923 ("The agreement to stipulate that Johnson was a person prohibited, without disclosing the reason, was a tactical decision by defense counsel to minimize any prejudice that may have resulted from not severing the charges. Johnson has failed to demonstrate that any error occurred;") *State v. Buckingham*, 1989 WL 135744 (Del. Super. Oct. 4, 1989) (Trial counsel entered a stipulation as to a person prohibited charge. In addressing the defendant's claim that entering a stipulation constituted ineffective assistance of counsel, this Court concluded "[b]y stipulating to that prior crime, the defense may have diminished its detrimental impact. Further, it might have avoided alienating the jury by dragging out the trial in requiring the State to put witnesses on the stand that would have testified to what was stipulated. [The defendant] has not shown how this stipulation fell below an objective standard of reasonableness nor can he show that once the trial judge ruled that the testimony of the prior robbery and the gun was admissible, the result of the trial would have been different if there had been testimony rather than the stipulation." *Id.* at *4.)

Defendant's second claim fares no better. He argues trial counsel was ineffective because she "did not object to the redacted [bodycam] video because it did not show [him] throwing anything [and] it showed two men [kneeling] next to the gun."[65] With respect to this claim, trial counsel explained:

> In Mr. O'Neal's second claim, he asserts I was not effective for not objecting to the redacted body-worn camera video. Mr. O'Neal is correct that I did not object to the introduction of the redacted video. At trial, the State sought to introduce the body-worn camera video. The State redacted the video, with the agreement of the defense, to remove irrelevant portions that included references to the robbery incident that the State did not pursue at trial. I am not aware of any valid challenge that I could have made to the admission of the video.[66]

Neither the State, postconviction counsel, nor trial counsel have identified a valid evidentiary basis upon which trial counsel could have objected to the admissibility of the bodycam video, and Defendant has also failed articulate one. As postconviction counsel explained, the redacted bodycam video was relevant, as it showed Defendant "throwing an unknown object, followed by the police looking under a vehicle and finding a weapon."[67] The State contends Defendant did not "identify any legal basis upon which trial counsel *could* have objected to the redacted footage. Nor does he explain how the failure to object constituted deficient performance. To the extent he suggests that trial counsel was ineffective for failing

---

[65] D.I. 50, p. 3.
[66] D.I. 71, p. 2.
[67] D.I. 65, p. 12.

to object to footage that was *not* incriminating, that argument fails on its face."[68] Finally, the State notes that Defendant failed to establish prejudice from trial counsel's decision not to object to the redacted bodycam footage, and he "does not allege facts showing a reasonable probability that the outcome of the trial would have been different had his trial counsel objected to the video."[69]  Upon consideration of the parties' arguments, I find the bodycam video recording was relevant and admissible, and Defendant has failed to articulate a valid basis for its exclusion.  As a result, Defendant's claim is meritless and he has failed to establish prejudice.

## V.  <u>CONCLUSION</u>

For the aforestated reasons, I recommend Defendant's Motion be **SUMMARILY DISMISSED**, and Postconviction Counsel's Motion to Withdraw be **GRANTED**.

**IT IS SO RECOMMENDED.**

<u>/s/ Martin B. O'Connor</u>
Commissioner

oc:    Prothonotary

---

[68] D.I. 69, ¶ 13.
[69] *Id.*, ¶ 14.

15